IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JOE MILLER,<br><br>        Plaintiff,<br><br>     v.<br><br>AMADOR COUNTY JAIL,<br><br>        Defendant. | No. 2:21-CV-2132-KJM-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a pre-trial detainee proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion to dismiss, ECF No. 14, Plaintiff's opposition, ECF No. 18, and Defendant's reply, ECF No. 20. In its motion, Defendant argues that Plaintiff fails to state a claim against it because Plaintiff does not allege any policy, custom, or practice of the municipality. For the reasons discussed below, the Court agrees.

        In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id. (quoting Twombly, 550 U.S. at 557).

        In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. PLAINTIFF'S ALLEGATIONS

This action currently proceeds on Plaintiff's original complaint. See ECF No. 1. As the sole defendant, Plaintiff names the Amador County Jail. See id. at 1, 2. Plaintiff alleges three claims for relief.

According to Plaintiff in Claim I:

> I've been in this jail since 5-28-21. I haven't seen the sun since because they have a tent on the yard for inmates with COVID-19. But there has NEVER been one inmate in there, even when we had a COVID-19 outbreak that the staff allowed to get in here by not testing inmates arrested. They do [indecipherable] punishment a lot here. Here are 2 examples that happen. One, inmates was yelling so they took everyone's tablet that causes unneeded stress on us and the inmate that was yelling. The other I filed a grievance on not being allowed caffinated [sic] beverages such as coffee and tea. Cpt. Jeremy Martin [who is not named as a defendant] response was "Due to [indecipherable] actions of inmates as well as consulting with medical provider, we elected not to sell coffee on canteen." Which once again is group punishment I have nothing to do with all I found more positive attributes than negative. There is [sic] 2 officers here that do this sexual harassment (sex play comments to the inmates). That is way unprofessional and the PREA act is supposed to protect inmates from that. We get what we call bated into confrontation by staff by there [sic] comments almost daily. I should not have to dread count time or when the officers walk because my emotional stress will I get mad this time because a [sic] officer has made a sexual comment to myself or cellmate or will it be I get antagonized into saying something that will be me in trouble or pushed to violence. That is cruel and unusual punishment. The officers NOT all but I had one say there will be retaliation if a grievance is filed.

Id. at 3-4.

In Claim II, Plaintiff alleges:

> I've been to medical several times over no yard causing vitamin D deficiency. The symptoms of vitamin D deficiency are: effects mood drastically, anxiety, mood swings makes [sic] mental health issues worse, muscle fatigue/weakness, brittle bones, bone density loss, and sin paleness. When I told the medical staff I have symptoms he said they don't test for that here. Being that I'm a ward of this county jail I'm allowed adequate health care not health care of some third world country.

Id. at 5.

1    In Claim III, Plaintiff claims:

2    Every county jail in the state of California has hair clippers for the inmates to maintain basic hygene [sic] by cutting their hair.  This place fails to meet the jail minimum standards.   I filed a grievance on this, and this in short is Cpt. Jeremy Martin's response: "It is not required to do and frankly my staff does not have the time to monitor inmates to make sure the clippers are not used as an instrument to cause harm." End quote.  First off is required for any type I and type II facility, second it is there [sic] job to [indecipherable] inmates.

Id. at 6.

## II.  DISCUSSION

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

According to Defendant:

> Even if Plaintiff were able to allege an underlying rights violation by jail staff, he fails to state a claim against Amador County, because he does not allege any *Monell* allegations and the County is not vicariously liable for 42 U.S.C. § 1983 claims.
>
> * * *
>
> Here, even if an Eighth or Fourteenth Amendment rights violation was found in this case, the Complaint does not allege *any* facts that support a *Monell* claim under *either* theory. There are no specific factual allegations that the placement of a tent in the yard, denial of caffeine and tablets, sexual comments, lack of medical treatment for Vitamin-D deficiency symptoms, or denial of hair clippers were actions taken pursuant to an *identified* policy or custom. Nor are there allegations that such acts were taken by a final policymaking official or that a final

4

    policymaker delegated such authority to, or previously ratified a similar deprivation by a subordinate. Therefore, Plaintiff has alleged no actions by Amador County for which it may be held liable, and Defendant respectfully requests that Plaintiff's Complaint be dismissed without leave to amend.

  ECF No. 14, pgs. 12-13.

  The Court agrees.  Plaintiff's complaint is devoid of any allegations of a custom or policy of the Amador County Jail which caused the alleged violations.  For this reason, Defendant's motion to dismiss should be granted and Plaintiff should be provided an opportunity to amend, if he can, to allege the existence of a municipal custom or policy.

  In amending the complaint, Plaintiff should keep in mind that conclusory allegations are insufficient.  See AE ex rel. Hernandez v. Cnty. Of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).  Plaintiff must allege facts "regarding the specific nature of [the] alleged policy, custom, or practice.  Id. at 637; see also Hass v. Cty. of Sacramento Dep't of Support Servs., 2014 WL 5035949, at *1 (E.D. Cal. 2014); Gonzalez v. Cty. of Merced, 289 F. Supp. 3d 1094, 1113 (E.D. Cal. 2017); Cain v. City of Sacramento, 2017 WL 4410116, at *3 (E.D. Cal. 2017); Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011).  To establish Monell liability, Plaintiff must show: (1) an identified municipal "policy" or "custom" that caused his injury; (2) show that a final policymaking official made the decision in issue; or (3) show a final policymaker delegated such authority to or personally ratified a similar deprivation by a subordinate.  See Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403-04, 406-07 (1997).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

    1.    Defendant's motion to dismiss, ECF No. 14, be granted; and

    2.    Plaintiff's complaint, ECF No. 1, be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 12, 2022

                                    DENNIS M. COTA
                                    UNITED STATES MAGISTRATE JUDGE